NOT DESIGNATED FOR PUBLICATION

No. 128,970

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

JENNIFER RAWLINGS,
*Appellant*,

and

CORY RAWLINGS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Submitted without oral argument. Opinion filed March 27, 2026. Affirmed.

*Jennifer Rawlings*, appellant pro se.

*Cory Rawlings*, appellee pro se.


Before WARNER, C.J., ATCHESON and CLINE, JJ.


PER CURIAM: Jennifer Rawlings and Cory Rawlings were married in 2010, and Jennifer filed for divorce in 2022. The parties entered a stipulation and property settlement agreement reached through mediation, and the district court granted their divorce soon after. The following year, Cory filed a motion to modify maintenance, which the court granted after multiple hearings and after considering evidence presented by both parties.

1

Jennifer filed a pro se motion to reconsider, but this filing is not included in the record on appeal. The record reflects that the district court denied the motion, finding Jennifer was essentially trying to relitigate the same issues and arguments her attorney had raised during the previous hearings. The court noted that because Jennifer did not file the motion within 28 days as required for a motion to alter or amend under K.S.A. 60-259(f), the court would only consider the pro se motion as one for relief from judgment under K.S.A. 60-260(b). And the court held that Jennifer failed to make any showing under K.S.A. 60-260(b) because she did not provide any new evidence or "even evidence that could have been provided with reasonable diligence in the original proceedings."

Jennifer appealed the district court's decision to this court, titling her brief "Emergency Motion to Strike Judgment and for Immediate Relief." This brief contains almost no factual background, scant authority, and no analysis explaining or supporting her requested relief—information our Supreme Court rules require a brief to contain and that is essential to our review. See Supreme Court Rule 6.02(a)(4)-(5) (2026 Kan. S. Ct. R. at 36). Without a factual summary, an appellate court cannot know what occurred that gives rise to the appellant's claim of error. When an appellant does not provide a comprehensible explanation of the issues raised or provide legal or logical support for those issues, an appellate court cannot assess what relief may be appropriate or why.

We review the denial of a motion for relief from judgment filed under K.S.A. 60-260(b) for an abuse of discretion. *In re Marriage of Johnston*, 54 Kan. App. 2d 516, 521, 402 P.3d 570 (2017). Jennifer, as the party claiming an error occurred, bears the burden of showing the district court's ruling was based on an abuse of discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Self-represented litigants like Jennifer are still required to meet their burden within the parameters required by our court rules—such as including a sufficient statement of facts and pointing to legal authority to support the argument that an error occurred. *Joritz*

*v. University of Kansas*, 61 Kan. App. 2d 482, 511, 505 P.3d 775 (2022). Jennifer has not provided enough information or authority to allow us to conclude that any error occurred before the district court. We thus affirm the district court's judgment.

Affirmed.